## APPEL v. LEVINE et al.

United States District Court
S. D. New York.

Nov. 11, 1948.

Jac M. Wolff, New York City, for plaintiff.

Glatzer, Glatzer & Diamond, New York City (Harold Glatzer, New York City, of counsel), for defendants Gordon B. Todd and Edgar B. Hunt.

COXE, District Judge.

This is a motion by defendants Todd and Hunt, members of the stock brokerage firm of Gordon B. Todd & Co., for an order (1) dismissing the action, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the complaint fails to state a claim upon which relief can be granted; (2) striking out the complaint, pursuant to Rule 8(e) (1), because its averments are not concise, simple and direct; or, in the alternative, if these two motions are denied, (3) directing the service of an amended complaint, pursuant to Rule 10(b), setting forth each claim, as it is founded upon separate transactions or occurrences, in separate counts; and (4) requiring plaintiff, pursuant to Rule 12(e), to serve and file more definite statements or a bill of particulars with respect to a large number of matters.

The action was brought to enforce a liability created by the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and of the rules and regulations promulgated thereunder. It appears from the complaint that the liability sought to be enforced resulted from the alleged violation by defendants of Regulation "T", prescribed by the Federal Reserve Board under the authority of Section 7(a) of the Act, 15 U.S.C.A. § 78g (a), effective as of February 1, 1947, which provided that the maximum loan value of a registered security in a general account shall be 25% of its current market value.

Section 7(c) of the Act provides that

"It shall be unlawful for any member of a national securities exchange or any broker or dealer who transacts a business in securities through the medium of any such member directly or indirectly to extend or maintain credit or arrange for the extension or maintenance of credit to or for any customer—

(1) On any security (other than an exempted security) registered on a national securities exchange, in contravention of

the rules and regulations which the Board of Governors of the Federal Reserve System shall prescribe under subsections (a) and (b) of this section."

The defendants are the members of two stock brokerage firms—Sartorius & Co. and Gordon B. Todd & Co.—and Milton Levine, the manager of a branch office of Sartorius & Co. One or more members of Sartorius & Co. are alleged to be members of the New York Stock Exchange, and both firms are alleged to have transacted business in securities through the medium of various members of the New York Stock Exchange and the New York Curb Exchange, both of which are national securities exchanges. Todd & Co. are alleged to be dealers and brokers who were required to register with the Securities and Exchange Commission, but who failed to do so in order to conceal the true nature of the acts complained of.

It is then alleged that prior to September 1947, plaintiff was a customer of both firms; that about August 1947, defendants conspired together to cheat, injure and defraud plaintiff and to evade and circumvent the margin and credit requirements of Regulation "T" by inducing plaintiff to engage in transactions in securities with defendants and by extending to plaintiff excessive credit for purchasing, carrying and trading in securities.

It is further alleged that, in pursuance of the conspiracy, Sartorius & Co., through the instrumentality of the defendant Levine, arranged, about August 1947, for plaintiff to purchase and carry securities traded in on national securities exchanges, without conforming with, and for the purpose of, evading and circumventing, the margin and credit requirements of Regulation "T"; that defendants induced plaintiff to pay them $10,300; that, commencing about September 2, 1947, and continuing down to the time of instituting this action, defendants placed orders to purchase such securities through accounts maintained by plaintiff with them, with instructions to deliver the securities to Todd & Co. upon their paying for them, by means whereof plaintiff had no real or actual control over them but whereby he was charged interest at the pretended rate of 6% per annum, and other additional sums, together aggregating more than the legal rate of 6%, the sole consideration for which was the loan of the money for the purchase of the securities; that defendants pretended that they had purchased a total of 7600 shares of stock for plaintiff's account, for a total purchase price of $142,785.42, many of which purchases and sales were effected without plaintiff's authorization, consent or knowledge; and that defendants pretended that they had applied the said sum of $10,-300 to the purchase on margin of the said 7600 shares of stock, debiting plaintiff's account with the purchase price thereof, well knowing, at the time of the purchase of each lot, that plaintiff did not have on deposit with them the amount of margin, securities or credit required by Regulation "T".

Finally, it is alleged that the acts of defendants constituted a misappropriation and a conversion of the sum of $10,300, and that plaintiff is entitled to the repayment thereof.

■ The complaint is badly drawn and extremely prolix, but I think it sufficiently charges violations of Section 7(c) of the Act. See Baird v. Franklin, 2 Cir., 141 F. 2d 238, certiorari denied 323 U.S. 737, 65 S.Ct. 38, 89 L.Ed. 591. The motion to dismiss for insufficiency is therefore denied.

■ I can see no good reason, either, for granting any of the other relief requested by the motion. The complaint contains only one claim for the recovery of $10,300; there is no necessity for further specification, as the allegations in their present form can readily be answered without difficulty, and additional information may properly be obtained by examination before trial.

The motion of the defendants is therefore denied in all respects.